**Robert BOMER, Plaintiff–Appellant,**

v.

**Fabian LAVIGNE, Warden, et al., Defendants–Appellees.**

No. 03–1386.

United States Court of Appeals, Sixth Circuit.

Sept. 22, 2003.

Albert Bomer, Kincheloe, MI, pro se.

Before BOGGS, NORRIS, and CLAY, Circuit Judges.

### ORDER

Albert Bomer, a pro se Michigan prisoner, appeals a district court order dismissing his civil rights complaint construed as being filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Bomer sued the prison warden and several prison employees alleging a multitude of improper actions. The district court ordered Bomer to pay an initial partial filing fee of $3.06 on December 30, 2002. Bomer was allowed thirty days to pay the fee. Bomer failed to do so and the district court dismissed the complaint without prejudice for want of prosecution.

In his timely appeal, Bomer argues that the prison accounting department prevented him from paying the requisite filing fee. He requested that the Michigan Department of Corrections be ordered to pay him $1,000,000 because his complaint was dismissed.

The district court's order is reviewed for an abuse of discretion. See Link v. Wabash R.R. Co., 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir.1999).

A prisoner bringing a civil action in forma pauperis must file an affidavit of indigency and a certified copy of his prison trust fund account statement for the six month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a). If the prisoner does not pay the full filing fee and fails to provide the required documentation to apply to proceed in forma pauperis, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the day of the deficiency order to correct the error or pay the full filing fee. McGore v. Wrigglesworth, 114 F.3d 601, 605 (6th Cir.1997). If the prisoner does not comply with the district court's directions, the district court must presume that the prisoner is not a pauper, assess the entire filing fee, and dismiss the case for want of prosecution. Id.

Bomer submitted the necessary documentation establishing that he was a pauper. However, the documents also showed

that Bomer was capable of paying a partial filing fee of $3.06, which he failed to do.

Although Bomer contends on appeal that prison officials prevented him from paying the filing fee, this is a different argument than what Bomer presented to the district court. In the district court, Bomer stated that he no longer had the funds to pay the requisite filing fee as he was confined to administrative segregation and was not receiving any income. As the district court properly noted, the assessment of the initial partial filing fee is based on a plaintiff's financial status during the six months immediately preceding the filing of the complaint. *Id.* at 607. At the time the complaint was filed, Bomer had a balance of $3.09 in his prison account. Based on his income over the previous six months, Bomer was liable for a partial filing fee of $3.06. Thus, as the funds existed to pay the partial filing fee at the time the complaint was filed, Bomer was required to pay the $3.06. 28 U.S.C. §§ 1915(b)(1) and (b)(2); *McGore*, 114 F.3d at 606–07. As Bomer failed to comply with the court's order, the district court did not err in dismissing the complaint for want of prosecution.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.